IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WENDY J. DUKES and ALICIA M. HINTON, | * * * |
| Plaintiffs, | * * CASE NO.: |
| v. | * * |
| COMPREHENSIVE CONTINGENCY TASK FORCE, LLC d/b/a CCTF RAPID READY and MICHEL JOHANSEN, | * * * * |
| Defendants. | * * |

**COMPLAINT**

COME NOW, Plaintiffs Wendy J. Dukes ("Dukes") and Alicia M. Hinton ("Hinton") (collectively referred to herein as "Plaintiffs"), and file this lawsuit against Defendants Comprehensive Contingency Task Force, LLC d/b/a CCTF Rapid Ready ("CCTF") and Michel Johansen ("Johansen") (collectively referred to herein as "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"). For these causes of action, Plaintiffs show the following:

**INTRODUCTION**

1.

Plaintiffs Dukes and Hinton were employed by Defendants during the time period relevant to this Complaint.

2.

During the relevant time period, Defendants willfully and repeatedly violated the FLSA by deliberately failing to pay Plaintiffs their agreed upon regular rates or the legally required minimum wage rate for all hours worked and by failing to compensate Plaintiffs for overtime

wages at a rate of one-and-one-half times their regular rate for time worked in excess of 40 hours per 7-day work-week.

3.

At all times material to this Complaint, Plaintiffs were not exempt from the requirements of the FLSA.

## JURISDICTION AND VENUE

4.

Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. This Court has federal jurisdiction over this Complaint.

5.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.4, venue is proper in this Court. Defendant CCTF is a Georgia-based corporation, and Defendants are subject to the jurisdiction of this Court due to the business operated within the Columbus Division of the Middle District of Georgia. Additionally, Venue is proper in this Court because the unlawful employment practices described herein were committed within the Division.

## PARTIES

6.

Plaintiffs are residents of the State of Georgia and avail themselves to the jurisdiction of this Court.

7.

Defendant CCTF is a Georgia corporation with its principal place of business in Muscogee County, Georgia, at 5820 Veterans Parkway, Suite 301, Columbus, GA 31904. CCTF may be

served via its Registered Agent, Tabatha Lynn Garrett, or by way of its owner and Chief Executive Officer ("CEO"), Defendant Johansen.

8.

Defendant Johansen is the owner and CEO of Defendant CCTF.  On information and belief, this Defendant is a resident of Harris County, Georgia.  She may be served with process at 867 Mountain Road, Hamilton, GA 31811.

9.

Defendant CCTF is subject to the FLSA through its enterprise coverage, as an entity that has: 1) employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and 2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A).

10.

At all relevant times, Defendant Johansen asserted control of CCTF's day-to-day operations, had responsibility for the supervision and payment of Plaintiffs, and made the decision not to pay Plaintiffs as agreed upon and as required by the FLSA.  Johansen made the decision to hire Plaintiffs and determined the terms and conditions of Plaintiffs' employment, including their rate of pay, form of payment, and job duties.  Additionally, Johansen acted, and acts, directly in the interest of CCTF, in relation to CCTF's employees, including Plaintiffs.  Therefore, Johansen was an "employer" of Plaintiffs within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.

In their employment with Defendants, each Plaintiff engaged in commerce or in the production of goods for interstate commerce.  Each Plaintiff performed work that was closely

related and directly essential to the production of goods for interstate commerce, and Plaintiffs handled or otherwise used materials that have been moved or produced in interstate commerce. Each Plaintiff is also individually covered under the FLSA.

12.

At all relevant times, Defendants were "employers" of Plaintiffs as that term is defined by 29 U.S.C. § 203(d).

13.

At all relevant times, Defendants were governed by and subject to 29 U.S.C. §§ 206, 207.

## STATEMENT OF FACTS

14.

According to the website for CCTF, www.cctfrapidready.com, Defendants provide comprehensive occupational health services to thousands of employees in the United States annually, including pre-deployment and pre-employment medical screenings, Department of Transportation physicals, and Veterans Affairs medical services.

15.

Defendants maintain office locations and provide services at 6 locations across 5 states: (1) Columbus, Georgia; (2) Augusta, Georgia; (3) Huntsville, Alabama; (4) Greenville, South Carolina; (5) Adrian, Mississippi; and, (6) El Paso, Texas.  Defendants also conduct missions in multiple countries.

### I.      Plaintiff Dukes

16.

Defendants employed Plaintiff Dukes as an Office Manager from January 2010 through April 5, 2022.

17.

Plaintiff Dukes' primary job duties included, but were not limited to, overseeing general office operations, managing file systems and office supplies, ordering inventory and supplies, paying expenses, issuing payroll as directed by Defendant Johansen, scheduling and managing staff calendars, general human resources management duties and various other duties and responsibilities as dictated by Johansen.

18.

Plaintiff Dukes was paid a gross bi-weekly salary of $2,152.00, with each pay period intending to cover two 7-day, forty (40) hour work-weeks.  Thus, at all times relevant to the Complaint, Plaintiff Dukes' gross regular rate of pay was $26.90 per hour.

19.

Plaintiff Dukes was required to work over and above forty (40) hours each 7-day work week.  Dukes regularly worked forty-two (42) to forty-five (45) hours each week, including, but not limited to, responding to calls, text messages and emails from Defendant Johansen and other employees of Defendants and performing various tasks and duties as directed by Johansen on weekends, during lunch, and before and after-hours.

20.

From December 30, 2021 through April 6, 2022, Defendants failed to compensate Plaintiff Dukes for any and all hours worked during five (5) of the seven (7) bi-weekly pay-periods.

21.

During that time, Defendants knowingly issued four (4) paychecks to Dukes without sufficient funds in the corresponding bank account to honor the paychecks.

22.

Plaintiff Dukes, during the course and scope of her employment with Defendants, was often ordered by Defendant Johansen to instruct Defendants' employees to delay depositing or cashing their paychecks due to insufficient funds.  Johansen selected which employees would get paid for their work and when they would get paid, directing Dukes to notify the employees in accordance with her wishes.  Johansen also often instructed Dukes to hold and not deposit or cash her own paycheck due to insufficient funds.

23.

Defendants intentionally issued the following paychecks to Plaintiff Dukes, which the bank, Wells Fargo (hereinafter the "Bank"), refused to honor due to insufficient funds:

1. Check No.: 3539, Date: 01/17/2022, Amount: $ 1,552.61, Bank: Wells Fargo
2. Check No.: 3563, Date: 01/31/2022, Amount: $1,552.62, Bank: Wells Fargo
3. Check No.: 3609, Date: 02/28/2022, Amount: $1,552.62, Bank: Wells Fargo
4. Check No.: 3649, Date: 03/28/2022, Amount: $1,552.61, Bank: Wells Fargo

24.

Plaintiff Dukes attempted to deposit or cash said paychecks at Wells Fargo (Bradley Park Drive in Columbus, Georgia), and Bank representatives informed Dukes that the checks could not be cashed or deposited and the Bank could not honor them.  The Bank advised Dukes to return to the issuer (i.e., Defendants) and privately address the matter.

25.

Plaintiff Dukes notified Defendants that her paychecks had been rejected by the Bank. However, Defendants continued to refuse to compensate Dukes for all hours worked from December 30, 2021 through January 26, 2022, from February 10, 2022 through February 23, 2022,

and from March 10, 2022 through March 23, 2022. Dukes remains unpaid for all work performed during those eight (8) weeks.

26.

Defendants also failed to compensate Dukes for work performed from March 24, 2022 through April 6, 2022.

27.

During the above-referenced time period, Defendants failed to compensate Dukes at a rate of not less than $684 per week, which is the minimum weekly amount required for the administrative, executive and professional exemptions from the FLSA. Accordingly, Dukes was not exempt from the minimum wage and overtime requirements of the FLSA.

28.

During the referenced time period, Defendants failed to compensate Dukes at her regular rate, at the minimum wage rate, or for overtime pay at the required premium in violation of the FLSA.

## II.     Plaintiff Hinton

29.

Defendants employed Plaintiff Hinton as Records Manager from May 2016 through April 26, 2022.

30.

Plaintiff Hinton's primary job duties included, but were not limited to, overseeing the scheduling of services provided by Defendants, managing records, assisting in the scheduling of appointments, supervising various employees, and corresponding with various persons and

entities, including insurance companies, government entities, businesses, and individuals, across a number of states, regarding payment, scheduling and the provision of services.

31.

Plaintiff Hinton was paid a gross bi-weekly salary of $2,148.00, with each pay period intending to cover two 7-day, forty (40) hour work-weeks. Thus, at all times relevant to the Complaint, Hinton's gross regular rate of pay was $26.85 per hour.

32.

Plaintiff Hinton was required to work over and above forty (40) hours each 7-day work week. Hinton regularly worked forty-two (42) to forty-five (45) hours each week, including working on weekends, during lunch, and before and after-hours.

33.

From April 7, 2022 to April 27, 2022, Defendants failed to compensate Hinton for any and all hours worked.

34.

For work performed from April 7, 2022 through April 20, 2022, Defendants issued a paycheck to Hinton knowing there were insufficient funds in the corresponding bank account to honor it.

35.

Defendants intentionally issued the following paycheck to Hinton, which Walmart and the Bank refused to honor due to insufficient funds:

1. Check No.: 3679, Date: 04/28/2022, Amount: $2,148.00, Bank: Wells Fargo

36.

Plaintiff Hinton took said paycheck to Walmart and the Bank, attempting to cash it. Each location refused to accept it.

37.

Plaintiff Hinton notified Defendants that multiple entities had refused to cash her paycheck. In response, Hinton received $600.00 from Defendants via Cash App. However, Hinton has yet to be compensated for the remaining $1,548.00.

38.

Defendants also failed to compensate Hinton for work performed from April 21, 2022 through April 27, 2022.

39.

From April 7, 2022 through April 27, 2022, Defendants failed to compensate Plaintiff Hinton at a rate of not less than $684 per week, which is the minimum weekly amount required for the administrative, executive and professional exemptions from the FLSA. Accordingly, Hinton was not exempt from the minimum wage and overtime requirements of the FLSA.

40.

During the referenced time period, Defendants failed to compensate Hinton at her regular rate, at the minimum wage rate, or for overtime pay at the required premium in violation of the FLSA.

**WILLFUL VIOLATIONS OF THE FLSA**

41.

Plaintiffs reassert and incorporate by reference all preceding paragraphs of the Complaint.

42.

This action is brought pursuant to the Fair Labor Standards Act ("FLSA") under 29 U.S.C. § 201, *et seq.*, for compensatory, equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants, which have deprived Plaintiffs of their lawful compensation.

43.

This action is brought to recover unpaid compensation, in the form of regular wages and overtime compensation, owed to Plaintiffs.

44.

Section 207 of the FLSA requires that all covered nonexempt employees be paid overtime pay at no less than time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

45.

Section 206 of the FLSA requires that all covered nonexempt employees be compensated at a minimum rate of $7.25 (the "Minimum Wage") per hour for all hours worked.

46.

At all times material to this Complaint, Defendants failed to compensate Plaintiffs on a fee or salary basis at a rate of not less than $684 per week, which is the minimum weekly salary or fee required for the administrative, executive and professional exemptions from the FLSA. Accordingly, Plaintiffs were not exempt from the requirements of the FLSA.

47.

During the relevant time period, Defendants willfully failed to pay Plaintiffs their regular rate or the legally required minimum wage rate and overtime pay.

48.

Defendant Johansen was personally and directly involved in decisions relating to the processing and issuance of employee pay, including Plaintiffs'. Johansen made the decision and gave the order to knowingly distributed payroll checks to Plaintiffs that could not be honored due to insufficient funds. Furthermore, on multiple occasions, because of a known lack of funds, Johansen directed Dukes to hold and not deposit her rightfully earned paycheck until an unspecified future date.

49.

Defendants have been repeatedly provided notice of the issues and complaints of Plaintiffs who have been unlawfully underpaid. Defendants have willfully and intentionally failed to pay the Plaintiffs all the wages and overtimes earned during the time period(s) discussed in the preceding paragraphs of the Complaint.

50.

For the entire time period relevant to the Complaint, Defendants CCTF and Johansen have been aware of the requirements of the FLSA, its corresponding regulations, and their application to Plaintiffs.

51.

Defendants failed to pay Plaintiffs their full amounts earned in regular wages and overtime. Plaintiffs relied upon the misrepresentations of the Defendants and have been delayed in seeking the recovery owed to them due to their continuing misrepresentations.

## **DAMAGES AND PRAYER FOR RELIEF**

52.

Plaintiffs have suffered damages in an amount to be proven at trial through Defendants' actions, as Defendants failed to pay appropriate wages and overtime compensation earned in accordance with the requirements of the FLSA. Defendants' actions were not in good faith.

53.

In addition to the amount of unpaid wages and benefits owed to the Plaintiffs, they are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), as well as any pre-judgment interest due.

54.

Plaintiffs are also entitled to an award of attorneys' fees, expenses and costs for the filing of this lawsuit, pursuant to 29 U.S.C. § 216 *et seq*.

**WHEREFORE**, the Plaintiffs, pursuant to § 216(b) of the FLSA, pray for the following relief:

(a) That summons issue, and the Defendants be served and required to answer within the time required by law;

(b) That Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), as well as prejudgment interest;

(c) That Plaintiffs be awarded reasonable attorneys' fees, including all costs and expenses of this action;

(d) Such other legal and equitable relief as this Court deems just, including, but not limited to, injunctive or equitable relief to which the Plaintiffs may be entitled; and,

(e) Plaintiffs demand a trial by jury.

Respectfully submitted this 14th day of November, 2022.

                                                  PAGE, SCRANTOM, SPROUSE,
                                                  TUCKER & FORD, P.C.

                                                  By: /s/ Julie D. Johnson
                                                        Julie D. Johnson

1111 Bay Avenue, Third Floor            Georgia Bar No: 154102
Columbus, GA 31901
(706) 324-0251
jjohnson@pagescrantom.com

                                                  *Counsel for Plaintiffs*